1  TRINETTE G. KENT (State Bar No. 222020)
2  10645 North Tatum Blvd., Suite 200-192
   Phoenix, AZ 85028
3  Telephone: (480) 247-9644
4  Facsimile: (480) 717-4781
   E-mail: tkent@lemberglaw.com
5

6  Of Counsel to
   Lemberg Law, LLC
7  A Connecticut Law Firm
8  43 Danbury Road
   Wilton, CT 06897
9  Telephone: (203) 653-2250
10 Facsimile: (203) 653-3424

11
   Attorneys for Plaintiffs,
12 Monica and Christian Bustamante

13

14                UNITED STATES DISTRICT COURT
15              CENTRAL DISTRICT OF CALIFORNIA
                     EASTERN DIVISION
16

17

18 Monica and Christian Bustamante,        Case No.:

19              Plaintiffs,                 **COMPLAINT FOR DAMAGES**
20
           vs.                             **FOR VIOLATIONS OF:**
21                                            **1. THE FAIR DEBT COLLECTION
22 Fidelity Capital Holdings, Inc. aka Fidelity  PRACTICES ACT; AND
   Information Corporation aka Fidelity        2. THE ROSENTHAL FAIR DEBT
23 Creditor Service,                           COLLECTION PRACTICES ACT**
24
                Defendant.                  **JURY TRIAL DEMANDED**
25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs, Monica and Christian Bustamante (hereafter "Plaintiffs"), by undersigned counsel, brings the following complaint against Fidelity Capital Holdings, Inc. aka Fidelity Information Corporation aka Fidelity Creditor Service (hereafter "Defendant") and allege as follows:

## JURISDICTION

1.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiffs are each an adult individual residing in Ontario, California, and are each a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5.      Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3), and are each a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

2

COMPLAINT FOR DAMAGES

6.      Defendant is a business entity located in Burbank, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.      Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.      Plaintiffs are natural persons allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10.     Plaintiffs' alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

3

COMPLAINT FOR DAMAGES

12.     In January of 2016, Plaintiffs contacted Defendant after being told by the original creditor that Defendant was handling Plaintiff's alleged past due account.

13.     During a live conversation that occurred in or around that time, Defendant yelled at Plaintiffs using profane and abusive language.

14.     Defendant's agent exclaimed, "Just pay your damn bill! It's not my f**king problem that you can't pay your f**king bill! Take care of your sh*t and you won't have these problems."

15.     In addition, Defendant's agent told Plaintiff to stop "acting like a little b**ch!"

16.     Plaintiffs were extremely offended by Defendant's abusive language.

17.     Defendant's outrageous behavior caused Plaintiffs to suffer a significant amount of stress and anxiety, and caused emotional damage to Plaintiffs.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

18.     Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

19.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

4

COMPLAINT FOR DAMAGES

20.     Defendant attempted to collect a debt from Plaintiffs and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

21.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiffs, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22.     Defendant used obscene or profane language or language the natural consequence of which was to abuse Plaintiffs, in violation of 15 U.S.C. § 1692d(2).

23.     Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

24.     The foregoing acts and/or omissions of Defendant constitute multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     Plaintiffs were harmed and are entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

26.     Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

27.     The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

COMPLAINT FOR DAMAGES

28.     Defendant used obscene or profane language when speaking with Plaintiffs, in violation of Cal. Civ. Code § 1788.11(a).

29.     Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

30.     Plaintiffs were harmed and are entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

6

COMPLAINT FOR DAMAGES

1

2   DATED: June 9, 2016          TRINETTE G. KENT

3

4                     By:   /s/  Trinette G. Kent

                     Trinette G. Kent, Esq.

5                     Lemberg Law, LLC

                     Attorney for Plaintiffs, Monica and

6                     Christian Bustamante

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

COMPLAINT FOR DAMAGES